IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 18 2008

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 08-cv-01355-BNB

STEVEN WILSON,

   Plaintiff,

v.

ARI ZAVARAS, Executive Director, Colorado Department of Corrections, and
CATHY HOLST, Manager, Office of Correctional Legal Services,

   Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Steven Wilson is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Arkansas Valley Correctional Facility at Crowley, Colorado. Mr. Wilson initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. In an order filed on July 8, 2008, Magistrate Judge Craig B. Shaffer ordered Mr. Wilson to file an amended complaint to clarify the claims he is asserting. On August 25, 2008, Mr. Wilson filed an amended Prisoner Complaint. As relief he seeks damages and a declaration that his constitutional right of access to the courts has been violated.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Wilson is a prisoner and he is seeking redress from an officer or employee of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to

dismiss the amended complaint, or any portion of the amended complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous.

The Court must construe the amended complaint liberally because Mr. Wilson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Wilson alleges that he is serving prison sentences for two convictions from the State of California and two convictions from the State of Colorado and that the California convictions were used to enhance the sentences he is serving for his Colorado convictions. Mr. Wilson contends that he has attempted to gain access to California legal materials since 1998 in order to challenge the California convictions in California state court. He further contends that Defendant Cathy Holst repeatedly has frustrated his efforts to obtain access to the necessary California legal materials. Mr. Wilson alleges that in April 2007, Defendant Ari Zavaras failed to respond to an

2

emergency grievance Mr. Wilson filed complaining about Defendant Holst's actions in denying him access to necessary California legal materials. Mr. Wilson is suing Defendants in both their individual and official capacities.

As noted above, Mr. Wilson seeks damages and declaratory relief in this action because Defendants allegedly violated his constitutional right of access to the courts. However, Mr. Wilson may not sue Defendants in their official capacities in this action. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." **Monell v. Department of Social Services**, 436 U.S. 658, 690 n.55 (1978). Therefore, Mr. Wilson's claims against Defendants in their official capacities actually are claims against the DOC.

The DOC, which is an agency of the State of Colorado, see Colo. Rev. Stat. § 24-1-128.5, is protected by Eleventh Amendment immunity. **See Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." **Ramirez v. Oklahoma Dep't of Mental Health**, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, **see Griess v. Colorado**, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. **See Quern v. Jordan**, 440 U.S. 332, 340-345 (1979). Therefore, the official capacity claims will be dismissed as legally frivolous.

Mr. Wilson's claim against Defendant Zavaras in his individual capacity also will be dismissed as legally frivolous because the claim is based on facts that do not support an arguable claim. As noted above, Mr. Wilson alleges with respect to Defendant Zavaras only that Defendant Zavaras failed to respond to an emergency grievance mailed to him by Mr. Wilson. This claim lacks merit because there is no constitutional right to file a grievance. **See Flick v. Alba**, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam).

Finally, Mr. Wilson's claim for declaratory relief will be dismissed as legally frivolous because Mr. Wilson alleges that his California convictions now are final and cannot be challenged. A "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." **Facio v. Jones**, 929 F.2d 541, 544 (10th Cir. 1991). "The touchstone of the mootness inquiry is whether the controversy continues to touch the legal relations of parties having adverse legal interests in the outcome of the case." **Cox v. Phelps Dodge Corp.**, 43 F.3d 1345, 1348 (10th Cir. 1994) (internal quotation marks and brackets omitted). Mr. Wilson's claim for declaratory relief is moot and will be dismissed because he fails to demonstrate that the entry of declaratory relief will have any effect on Defendants' behavior towards him. **See Green v. Branson**, 108 F.3d 1296, 1300 (10th Cir. 1997).

The Court will not address at this time the merits of Mr. Wilson's claim for damages against Defendant Holst in her individual capacity. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims asserted against Defendants in their official capacities, the claim for damages against Defendant Zavaras in his individual capacity, and the claim for declaratory relief are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that Defendant Ari Zavaras dismissed as a party to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 17 day of Sept, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01355-BNB

Steven Wilson
Prisoner No. 61564
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/18/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk