IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-01355-REB-KMT

STEVEN WILSON,

    Plaintiff,

v.

CATHY HOLST, Individually

    Defendant.

# ORDER

This matter is before the court on Plaintiff's "Motion to Amend the Pleadings Pursuant to Rule 15(a)" ("Mot."). (Doc. No. 37, filed March 16, 2009). Defendant filed her response on April 8, 2008 ("Resp."). (Doc. No. 45.)

Plaintiff filed his initial complaint on June 27, 2008. (Doc. No. 2.) On July 8, 2008, Magistrate Judge Craig B. Shaffer ordered Plaintiff to file an amended complaint within thirty days to clarify his claims. (Doc. No. 6.) Plaintiff filed his first amended complaint on August 25, 2008, asserting claims against Ari Zavaras, the executive director of the Colorado Department of Corrections, and Cathy Holst. (Doc. No. 9.) On September 18, 2008, Senior District Judge Zita L. Weinshienk filed an order dismissing in part Plaintiff's first amended complaint. (Doc. No. 10.) Judge Weinshienk dismissed Plaintiff's claims against Defendant Ari

Zavaras in his official and individual capacities. (*Id.* at 3–4) Judge Weinshienk also dismissed Plaintiff's claim for declaratory relief as legally frivolous. (*Id.* at 4.)

Plaintiff now wishes to file a second amended to assert "additional facts and reasoning supporting the amending of Mr. Zavaras, and the relief under declaratory relief." (Mot. ¶ 3.) Plaintiff also seeks to add another named defendant, Christine Moschetti, as a party. (*Id.* ¶ 4.) Plaintiff states the added defendants are indispensable to the action. (*Id.* ¶ 7.)

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983).

Defendant Holst opposes Plaintiff's motion to amend the complaint, stating it has expended resources drafting a dispositive motion. (Resp. at 2.) Defendant argues that allowing

2

Plaintiff to amend at this point would be prejudicial. (*Id.*) This court did mention in its previous motion denying Plaintiff's motion to amend that the motion was untimely. (Doc. No. 35 at 2.) However, upon further review of the docket, the court finds Defendant will not be prejudiced by allowing the motion to amend, as no scheduling conference has taken place, no scheduling order is in place, and no discovery has taken place. Therefore, the court will proceed to the analysis of the claims and defendants Plaintiff seeks to add.

Judge Weinshienk dismissed Plaintiff's claim against Defendant Zavaras as legally frivolous because it was based on facts that do not support an arguable claim. (Doc. No. 10 at 4.) Judge Weinshienk noted that Plaintiff's only allegation regarding Defendant Zavaras was that Defendant Zavaras failed to respond to an emergency grievance mailed to him by Plaintiff on April 5, 2007. (*Id.*) Judge Weinshienk found Plaintiff's claim lacked merit because there is no constitutional right to file a grievance. (*Id.*) In Plaintiff's proposed second amended complaint, he is again trying to assert this claim against Mr. Zavaras related to the same grievance sent to Mr. Zavaras on April 5, 2007. (Second Am. Compl. at 11-12.) Plaintiff again asserts that Mr. Zavaras allegedly failed to respond or act as he would have wished. (*Id.*) Although Plaintiff goes into more detail in his proposed second amended complaint, Plaintiff has failed to allege new facts regarding his claim against Ari Zavaras that make his claim any less frivolous, and Plaintiff's motion to again add Ari Zavaras as a defendant is denied.

Plaintiff also seeks to add another defendant, Christine Moschetti, as a defendant. A plaintiff must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must name

and show how named defendants caused a deprivation of his federal rights.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  However, the court has reviewed the entire proposed second amended complaint and is unable to locate any assertions directly related to Christine Moschetti.  In fact, Plaintiff has failed even to mention her name, except in the caption and in his list of parties.  As Plaintiff has failed to allege personal participation of Christine Moschetti, adding her as a defendant would be futile.

Judge Weinshienk also dismissed Plaintiff's claims for declaratory relief as frivolous because "Mr. Wilson alleges that his California convictions now are final and cannot be challenged" and, therefore, are moot.  (Doc. No. 10 at 4.)  Plaintiff's now seeks a "declaration that the denial of access to challenge the California prior convictions invalidates the State of Colorado's right to maintain the use of the California prior convictions to aggravate the Plaintiff's Colorado sentnces [sic]."  (Sec. Am. Compl. at 15.)  However, as Plaintiff's claims for declaratory relief are not properly asserted against the remaining defendant, Plaintiff's motion to amend to add claims for declaratory relief is denied.

Therefore, it is ORDERED that

Plaintiff's "Motion to Amend the Pleadings Pursuant to Rule 15(a)" (Doc. No. 37) is DENIED.  It is also

ORDERED that

Plaintiff's "Request for Waiver of Service on Added Parties" (Doc. No. 39) is DENIED as moot.

Dated this 14th day of April, 2009.

                                        **BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge