IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–01355–REB–KMT

STEVEN WILSON,

    Plaintiff,

v.

CATHY HOLST, in her individual capacity,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendants violated Plaintiff's First Amendment right to access to the courts. This matter is before the court on "Defendant's Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss" (Doc. No. 21, filed December 4, 2008). Jurisdiction is premised upon 42 U.S.C. § 1983 (2008).

### STATEMENT OF THE CASE

The following facts are taken from Plaintiff's First Amended Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff currently is incarcerated in the Colorado Department of Corrections ("CDOC"). (First Am. Prisoner Compl. ¶ 7 [hereinafter "Compl."] [filed August 25, 2008].) Plaintiff was convicted of two separate offenses in California in 1988 and 1991 and then convicted of two additional offenses in Colorado in July and August 1989. (*Id.*, ¶¶ 1–4.) Plaintiff asserts he has, since 1998, sought "necessary and

needed legal materials to mount a challenge to the convictions used to aggravate the 2 Colorado sentences received by the Plaintiff." (*Id.*, ¶ 8.) Plaintiff states in March 2001, he was informed that he could request access to out-of-state legal materials and that he submitted a form requesting access to California legal materials. (*Id.*, ¶ 19.) Plaintiff states he met with the CDOC staff legal access attorney, who approved Plaintiff's access to California legal materials. (*Id.*, ¶ 20.) Plaintiff asserts in March 2002 he submitted a list of his requested legal materials. (*Id.*, ¶ 21.) Plaintiff alleges that Defendant denied his request because Plaintiff needed to limit his materials request to three items per week. (*Id.*, ¶ 22.) Plaintiff also alleges he was informed that he would not receive any California case law. (*Id.*) Plaintiff states he submitted a modified request seeking three California state statutes. (*Id.*, ¶ 23.) Plaintiff states, "This request was filled using an unknown internet source of material lacking any direct information needed to research the law in question. The Plaintiff renewed his request by stating that he needed to correct and legitimate legal materials and full access to official California legal materials." (*Id.*) Plaintiff alleges Defendant again refused to supply the materials because he needed to supply more information concerning his case and in support of his request. (*Id.*) Plaintiff contends he supplied the additional information, but Defendant again refused to supply him with the materials. (*Id.*, ¶ 24.)

Plaintiff states he again sought access to the legal materials in January 2004, but Defendant still refused to supply the materials and instead asked him to provide the answers to four questions specifically related to the information requested. (*Id.*, ¶ 25.) Plaintiff asserts he provided the additional information requested by the defendant in March 2004 but Defendant

2

still refused to provide him with the requested materials because she claimed "the requests were 'objectively execssive [sic]'" and that "he had made only a 'general assertation [sic]' for the need of the materials." (*Id.*, ¶ 26–27.) Plaintiff states the defendant advised him that he needed to "justify the need for the materials with more specificity." (*Id.*) Plaintiff alleges he again renewed his request for the materials in May 2004 and supplemented the answers to the four questions posed to him earlier. (*Id.*, ¶ 28.) On May 25, 2004, Defendant responded to Plaintiff with a memorandum stating, "I believe our position on this has been adequately presented in previous grievance responses and memoranda. The Colorado Department of Corrections will not provide you with a complete California law library on the off-chance that two sixteen-year-old convictions might be re-examined." (*Id.* at 11.) According to the complaint, this is the last time Plaintiff presented his request for legal materials directly to the defendant. Plaintiff asserts that Defendant hindered his requests to receive California law, thereby denying him the ability to attack his California convictions, in violation of his First Amendment right of access to the courts. (*Id.*, ¶¶ 11-, 13, 16, 18.) Plaintiff seeks an award of nominal, compensatory, and punitive damages, as well as fees and costs. (*Id.* at 10.)

Defendant moves to dismiss Plaintiff's Complaint on the bases that (1) Plaintiff's claim is barred by the statute of limitations; (2) the Complaint fails to allege a constitutional violation; (3) Plaintiff fails to state a claim for damages; and (4) Defendant is entitled to qualified immunity. (Def.'s Combined Mot. to Dismiss and Mem. Br. in Supp. of Mot. to Dismiss [hereinafter "Mot."] [filed December 4, 2008].)

## PROCEDURAL HISTORY

Plaintiff filed his First Amended Complaint on August 25, 2008. (Compl.) Defendant filed her motion to dismiss on December 4, 2008. (Mot.) Plaintiff filed his response on March 16, 2009. (Pl.'s Obj. and Mem. of Law to Def.'s Mot. to Dismiss [hereinafter "Resp."].) Defendant filed her reply on April 3, 2009. (Def.'s Reply in Supp. of Mot. to Dismiss [hereinafter "Reply"].) This motion is ripe for review and recommendation.

## STANDARD OF REVIEW

### 1.     Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### *2. Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1965 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

To state a claim, a plaintiff's complaint must "show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. 544, —, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41,

47 (1957)).  The plaintiff must allege enough factual matter, taken as true, to make his "claim to relief . . . plausible on its face."  550 U.S. 544, —, 127 S. Ct. 1955, 1974 (2007); *Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1129–30 (10th Cir. 2008).  This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true.  It is just to say that relief must follow from the facts alleged.  *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008).  If a complaint explicitly alleges every fact necessary to win at trial, it has necessarily satisfied this requirement.  *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008).  The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  *See Scheuer*, 416 U.S. at 236.

## ANALYSIS

### 1. *Statute of Limitations*

Defendant argues that Plaintiff' claims are barred by the applicable statute of limitations. (Mot. at 3–4.)  Plaintiff brings his claim pursuant to 42 U.S.C. § 1983.  Federal courts must look to the applicable state statute of limitations to determine the timeliness of a claim under 42 U.S.C. § 1983.  *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993).  Colorado law provides a two-year statute of limitations for actions brought pursuant to § 1983.  *See* Colo. Rev. Stat. § 13–80–102(g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake*, 997 F.2d at 750 (applying § 13–80–102 to § 1983 claim).

The determination of when a § 1983 claim accrues is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). For the purpose of the statute of limitations, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

Plaintiff states that he has sought legal materials since 1998. (Compl., ¶ 8.) The Complaint alleges Defendant denied Plaintiff's requests in March 2002, at some point between March 2002 and January 2004, and on May 25, 2004. (*Id.*, ¶¶ 21, 23–24, 25–29.) On May 25, 2004, Defendant advised Plaintiff that the materials sought by him would not be provided. (*Id.* at 11.) This court finds the plaintiff's claim accrued on May 25, 2004, as that is the date "when the plaintiff [knew] or [had] reason to know of the injury which is the basis of his action." *Johnson*, 925 F.2d at 1301.

Plaintiff argues the statute of limitations should be tolled because he was making a continuing effort to seek and secure administrative relief "at the direction and advice of the defendant." (Reply, ¶ 10.) In the May 24, 2004, memorandum attached to Plaintiff's complaint as Exhibit 1, defendant suggested that the plaintiff request that the California court of appeals appoint counsel for Plaintiff in the event he was permitted to proceed with this challenge to the California convictions. (Compl. at 11.) Plaintiff states he "complied with this directive from Holst, and once exhausted, and with the request for counsel denied, Plaintiff sought assistance from case management . . . ." (Reply, ¶ 10.) However, this suggestion was in no way related to the plaintiff's request for legal materials; rather, it was a suggestion that plaintiff seek assistance directly from the California courts to pursue his challenges to the California convictions.

7

Defendant states, and this court agrees, that she unequivocally denied Plaintiff's request for California legal materials in May 2004 and that she also unequivocally stated that the CDOC's position had been adequately presented in previous grievance responses and memoranda, rendering this the final decision in the matter. (Reply at 1.)

Moreover, the continuing violation doctrine "is a creation of federal law that arose in Title VII cases" and "recognizes that certain violations are continuing in nature and provides that a claim asserting such a violation is timely if administrative charges are filed within the period applicable to the last act in the continuing series." *Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1513 (10 th Cir. 1997). The Tenth Circuit has refused to apply the continuing violations doctrine to a 42 U.S.C. § 1983 claim. *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). The Circuit has found that the continuing violation doctrine which developed out of Title VII law "is simply not applicable" to 42 U.S.C. Sec.1981 actions. *Thomas v. Denny's Inc.*, 111 F.3d 1506, 1514 (10th Cir. 1994). Thus, the court finds the continuing violations theory is not applicable to Plaintiff's claims here. Furthermore, the continuing violation doctrine is triggered by continued unlawful acts, not continued ill effects from the original act. *Bergman v. United States*, 751 F.2d 314, 317 (10th Cir.1984)(internal citations omitted). Here, although Plaintiff makes the general allegation that the defendant continues to deny him access to legal materials (*see* Compl., ¶ 11), Plaintiff has failed to demonstrate <u>any</u> act or omission by Defendant in regard to his claims that occurred within the limitations period. Any ill effects allegedly suffered by Plaintiff within the limitations period due to Defendant's alleged earlier acts or omissions would not trigger application of the continuing violation doctrine. Accordingly, Plaintiff's claims are barred by the statute of

limitations, and this court need not address the remaining arguments made by the defendant in her motion to dismiss.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendant's Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss" (Doc. No. 21) be GRANTED, and that this case be dismissed in its entirety, with prejudice.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 4th of June, 2009.

                                        **BY THE COURT:**

                                        Kathleen M. Tafoya
                                        United States Magistrate Judge