IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–01355–REB–KMT

STEVEN WILSON aka PAUL RATEAU,

      Plaintiff,

v.

CATHY HOLST, in her  individual capacity,

      Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

**Magistrate Judge Kathleen M. Tafoya**

      This case comes before the court on Plaintiff's "Motion for Enlargement of Time" (Doc. No. 71 ["Mot."], filed November 2, 2009).  Plaintiff's Motion was referred to this court by District Judge Robert E. Blackburn.  (Doc. No. 84.)  Defendant filed her response to Plaintiff's Motion on November 17, 2010.  (Doc. No. 95.)  Plaintiff filed his reply on December 20, 2010. (Doc. No. 101.)  This motion is ripe for review and recommendation.

      On August 21, 2009, Judge Blackburn adopted this court's Recommendation to grant Defendant's motion to dismiss and dismissed Plaintiff's 42 U.S.C. § 1983 action with prejudice. (Doc. No. 60.)  On August 25, 2009, judgment was entered on behalf of Defendant, and the Clerk mailed the Judgment to Plaintiff at his address at the Arkansas Valley Correctional Facility.  (Doc. No. 61.)  On August 27, 2009, the Order Overruling Objections and Adopting Recommendations of the United States Magistrate Judge (Doc. No. 60) was returned as

undeliverable to the Court by the Colorado Department of Corrections ("CDOC"), who noted that Plaintiff was no longer at the CDOC. (Doc. No. 64.)  Following this notification, also on August 27, 2009, the Clerk again mailed the Order (Doc. No. 60) and the Judgment (Doc. No. 61) to Plaintiff at the updated address provided by Plaintiff.  (Doc. Nos. 62, 65.)  On September 28, 2009, Plaintiff notified the Court that he had been transferred to the custody of the California Department of Corrections and provided another updated mailing address.  (Doc. No. 68.)  On October 15, 2009, the Clerk again mailed the Order (Doc. No. 60) and the Judgment (Doc. No. 61) to the Plaintiff at his updated address.  (Doc. No. 69.)

On November 2, 2010, Plaintiff filed his Motion for Enlargement of Time (Mot.), which Judge Blackburn denied on November 3, 2009 (Doc. No. 72).  Plaintiff filed his Notice of Appeal on November 17, 2009.  (Doc. No. 73.)  The United States Court of Appeals for the Tenth Circuit issued its order dismissing Plaintiff's appeal for lack of appellate jurisdiction on October 22, 2010.  (Doc. No. 83.)  The Tenth Circuit remanded the case to the District Court to "construe Plaintiff's 'motion for enlargement of time' (doc. 71) and notice of appeal as a motion under Fed. R. App. P. 4(a)(6) to reopen the time to appeal."  (*Id.* at 2, 4.)

Plaintiff bears the burden of demonstrating his compliance with Federal Rule of Appellate Procedure 4(a)(6).  *Portley-El v. Milyard*, 365 Fed. App'x 912, 916 (10th Cir. 2010) (quoting *Clark v. Lavallie*, 204 F.3d 1038, 1040 (10th Cir. 2000)).  "The essence of Rule 4(a)(6) is finality of judgment."  *Clark*, 204 F.3d at 1040.

At the time Plaintiff filed his motion for enlargement of time, Rule 4(a)(6) of the Rules of Appellate Procedure provided:

2

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but **only if all the following conditions are satisfied**:
>
>> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>> (B) the motion is filed within 180 days after the judgment or order is entered **or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier**; and
>> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added).  Plaintiff contends he received the Judgment and Order on October 20, 2009.  (Mot. at 2.)  As such, because Judgment was entered on August 25, 2009, the condition set forth in Rule 4(a)(6)(A) is satisfied.  In her response, Defendant does not address the prejudice to her in reopening the time to file an appeal.  However, Plaintiff failed to file his motion for an enlargement of time until November 2, 2009–thirteen days after he received notice of the Judgment.  Excluding weekends and holidays, as the then-applicable Civil and Appellate rules required (*see* Fed. R. Civ. P. 6(a)(2) and Fed. R. App. P. 26(a)(2)), Plaintiff's

3

motion was due Thursday, October 29, 2010.[1]  Therefore, the condition set forth in Rule

4(a)(6)(A) has not been satisfied.

In his reply, Plaintiff argues that "[a]fter receipt of the judgment [he] assumed that the

normal course of appellate time frames applied . . . ."  (Reply at 3, ¶ 10.)  Plaintiff also argues

that he is untrained in the law and has proceeded in this case *pro se*.  (*Id.*, ¶ 12.)  However,

"[n]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for

equitable reasons."  *Id.* at 916-17 (quoting *Clark*, 204 F.3d at 1040).  Moreover, "[w]hile

application of that concept infrequently may work misfortune, it is an overriding principle which

demands enforcement without distinction between counseled and uncounseled cases."  *Id.*

As such, Plaintiff's motion for enlargement of time, construed as a motion under Fed. R.

App. P. 4(a)(6) to reopen the time to appeal is properly denied.

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND that Plaintiff's "Motion for Enlargement of Time" (Doc. No. 71) be

DENIED.

---

[1]Plaintiff is not entitled to the additional three day period for mailing pursuant to Fed. R.
Civ. P. 6(d) or Fed. R. App. P. 26(c) because Plaintiff was required to act within seven days after
receiving notice, and not within a specified time after service.  Moreover, Plaintiff does not
benefit from the prisoner mailbox rule in this calculation because he failed, at the time he filed
his motion for enlargement of time, to file a declaration in compliance with 28 U.S.C. § 1746 or
a notarized statement setting forth the date of deposit in the mail and stating that first-class
postage has been prepaid.  *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir.2005).  Plaintiff did
file a declaration on November 8, 2010–over one year after his motion for enlargement of time
was filed.  (*See* Doc. No. 89.)  However, the declaration does not comply with 28 U.S.C. § 1746
because it does not set forth the date Plaintiff mailed his motion.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 22nd day of December, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge