IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–01355–REB–KMT

STEVEN WILSON aka PAUL RATEAU,

    Plaintiff,

v.

CATHY HOLST, in her individual capacity,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

*Background Regarding Referral of Motion, Recommendation, and Return to this Court for Further Factfinding*

This case comes before the court on Plaintiff's "Motion for Enlargement of Time" (Doc. No. 71 ["Mot."], filed November 2, 2009). Plaintiff's Motion was referred to this court by District Judge Robert E. Blackburn. (Doc. No. 84.) Defendant filed her response to Plaintiff's Motion on November 17, 2010. (Doc. No. 95.) Plaintiff filed his reply on December 20, 2010. (Doc. No. 101.)

This court issued its Recommendation that Plaintiff's Motion be denied on December 22, 2010. (Doc. No. 103.) Plaintiff filed his "Motion to Return the Appellate Question Back to the Magistrate Judge for Further Fact Finding" on February 7, 2011. (Doc. No. 117.) Judge Blackburn then rejected this court's Recommendation and granted Plaintiff's motion to return the issue back to this court for further findings. (Doc. No. 124.)

> On March 1, 2011, this court ordered the defendant to
>
> provide the court with a supplemental response to Plaintiff's motion for extension of time (Doc. No. 71), including an affidavit describing the legal mail system and procedures used by the Tracy, California, facility in which Plaintiff was housed on October 23, 2009, and copies, if they exist, of the mail logs for the facility's receipt of mail from Plaintiff to be sent to this court at or around October 23, 2009.

(Doc. No. 126.) Defendant filed her supplemental response on March 30, 2011. (Doc. No. 137.) This motion is ripe for review and recommendation.

### *General Background*

On August 21, 2009, Judge Blackburn adopted this court's Recommendation to grant Defendant's motion to dismiss and dismissed Plaintiff's 42 U.S.C. § 1983 action with prejudice. (Doc. No. 60.) On August 25, 2009, judgment was entered on behalf of Defendant, and the Clerk mailed the Judgment to Plaintiff at his address at the Arkansas Valley Correctional Facility. (Doc. No. 61.) On August 27, 2009, the Order Overruling Objections and Adopting Recommendations of the United States Magistrate Judge (Doc. No. 60) was returned as undeliverable to the Court by the Colorado Department of Corrections ("CDOC"), who noted that Plaintiff was no longer at the CDOC. (Doc. No. 64.) Following this notification, also on August 27, 2009, the Clerk again mailed the Order (Doc. No. 60) and the Judgment (Doc. No. 61) to Plaintiff at the updated address provided by Plaintiff. (Doc. Nos. 62, 65.) On September 28, 2009, Plaintiff notified the Court that he had been transferred to the custody of the California Department of Corrections and provided another updated mailing address. (Doc. No. 68.) On

October 15, 2009, the Clerk again mailed the Order (Doc. No. 60) and the Judgment (Doc. No. 61) to the Plaintiff at his updated address.  (Doc. No. 69.)

On November 2, 2010, Plaintiff filed his Motion for Enlargement of Time (Mot.), which Judge Blackburn denied on November 3, 2009 (Doc. No. 72).  Plaintiff filed his Notice of Appeal on November 17, 2009.  (Doc. No. 73.)  The United States Court of Appeals for the Tenth Circuit issued its order dismissing Plaintiff's appeal for lack of appellate jurisdiction on October 22, 2010.  (Doc. No. 83.)  The Tenth Circuit remanded the case to the District Court to "construe Plaintiff's 'motion for enlargement of time' (doc. 71) and notice of appeal as a motion under Fed. R. App. P. 4(a)(6) to reopen the time to appeal."  (*Id.* at 2, 4.)

*Analysis*

Plaintiff bears the burden of demonstrating his compliance with Federal Rule of Appellate Procedure 4(a)(6).  *Portley-El v. Milyard*, 365 F. App'x 912, 916 (10th Cir. 2010) (quoting *Clark v. Lavallie*, 204 F.3d 1038, 1040 (10th Cir. 2000)).  "The essence of Rule 4(a)(6) is finality of judgment."  *Clark*, 204 F.3d at 1040.

At the time Plaintiff filed his motion for enlargement of time, Rule 4(a)(6) of the Rules of Appellate Procedure provided:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but **only if all the following conditions are satisfied**:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered **or within 7 days after the moving party receives**

>**notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier**; and
>(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added).  Plaintiff contends he received the Judgment and Order on October 20, 2009.  (Mot. at 2.)  As such, because Judgment was entered on August 25, 2009, the condition set forth in Rule 4(a)(6)(A) is satisfied.  In her response, Defendant does not address the prejudice to her in reopening the time to file an appeal.  However, Plaintiff failed to file his motion for an enlargement of time until November 2, 2009–thirteen days after he received notice of the Judgment.  Excluding weekends and holidays, as the then-applicable Civil and Appellate rules required (*see* Fed. R. Civ. P. 6(a)(2) and Fed. R. App. P. 26(a)(2)), Plaintiff's motion was due Thursday, October 29, 2010.

Plaintiff is not entitled to the additional three day period for mailing pursuant to Fed. R. Civ. P. 6(d) or Fed. R. App. P. 26(c) because Plaintiff was required to act within seven days after receiving notice, and not within a specified time after service.

Moreover, Plaintiff does not benefit from the prisoner mailbox rule.  The prison mailbox rule, as articulated by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 276 (1988), holds that a *pro se* prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents.  The prison mailbox rule also applies to inmate 42 U.S.C. § 1983 filings.  *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (citing *Sulik v. Taney Cnty.*, 316 F.3d 813, 814–15 (8th Cir. 2003); *Casanova v. Dubois*, 304 F.3d 75, 79 & n.5 (1st Cir. 2002).

To claim the benefit of the prison mailbox rule, a prisoner bears the burden to prove that the pleading in question was filed timely. *Price*, 420 F.3d at 1165. There are only two ways a prisoner may establish timely filing. 420 F.3d at 1165. "[I]f the prison has a legal mail system, then the prisoner **must** use it as the means of proving compliance with the mailbox rule." *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1144 (10th Cir. 2004) (emphasis added); *see also United States v. Leonard*, 937 F.2d 494, 495 (10th Cir. 1991) (refusing to give prisoner the benefit of the prison mailbox rule where the prisoner deposited a notice of appeal in the regular prison mail because the prison mailbox rule was established in a case where the prisoner relied on the prison's legal mail procedures which logged mail at the time and date it was received to provide a clear date for determining the date of the filing). If a prisoner does not have access to an adequate legal mail system, he must prove compliance with the mailbox rule by submitting a notarized statement or declaration made under penalty of perjury that sets forth the date on which the documents were given to prison authorities and attests that postage was prepaid. 28 U.S.C. § 1746; *Ceballos-Martinez*, 387 F.3d at 1144–45; Price, 420 F.3d at 1165 n.6.

The threshold issue is whether the prison housing Plaintiff had a legal mail system when he placed his motion for extension of time in the mail. In her supplemental response, Defendant has provided the Affidavit of Joyce Allen, the Litigation Coordinator at the Deuel Vocational Institution (DVI) at Tracy, California. (See Doc. No. 157, Ex. A [Allen Aff.].) Ms. Allen's duties include coordinating and reviewing responses to all institutional legal correspondence, reviewing of confidential files to be used in litigation and evaluating and reviewing for compliance all matters related to litigation for the institution. (*Id.*, ¶ 3.) Pursuant to the

California Code of Regulations § 3165, "the mailing of legal documents to courts . . . is the inmate's responsibility. Mail designated by the inmate as legal mail will be delivered to the facility mail room for inspection . . . and mailing." (*Id.*, ¶ 5; *see id.*, Ex. A-2.) DVI mailroom staff log inmate mail that is addressed to courts in an automated system. (*Id.*, ¶ 6.) Ms. Allen states that a search was made of the automated mail log system under the name of Paul Rateau and Steven Wilson. (*Id.*, ¶ 7.) A copy of the legal mail logs for the period September 14, 2009, through May 3, 2010, is attached to Ms. Allen's Affidavit. (*Id.*, Ex. A-1.)

In his motion for enlargement of time, Plaintiff states that he received this Court's Judgment and Order on October 20, 2009. (Mot. at 2.) The California mail logs confirm that Plaintiff received correspondence from the United States District Court for the District of Colorado on October 20, 2009. (Allen Aff., Ex. A-1 at 3.) Plaintiff also avers that he placed the motion for enlargement of time in the prison mail system on October 23, 2009. (Doc. No. 122, ¶ 11.) However, the California mail log is devoid of any record of mail being sent on October 23, 2009. (*See* Allen Aff., Ex. A-1.) In fact, the California mail log contains only two records of mail sent to this Court from Plaintiff during the time period September 14, 2009, through May 3, 2010—one received and logged by the mailroom staff on November 13, 2009, and one received and logged by the mailroom staff on December 14, 2009. (*Id.*, Ex. A-1 at 1, 2.) Thus, it is clear Plaintiff did not utilize the prison legal mail system when he mailed his motion for enlargement of time. As such, because Plaintiff has failed to meet his burden to prove that the motion in question was filed timely, and because the records show that Plaintiff did not use the prison legal mail system when he mailed his motion for enlargement of time, Plaintiff may not claim the

benefit of the mailbox rule. *See Price*, 420 F.3d at 1165. The court finds that the condition set forth in Rule 4(a)(6)(A) has not been satisfied.

In his reply, Plaintiff argues that "[a]fter receipt of the judgment [he] assumed that the normal course of appellate time frames applied . . . ." (Reply at 3, ¶ 10.) Plaintiff also argues that he is untrained in the law and has proceeded in this case *pro se*. (*Id.*, ¶ 12.) However, "[n]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons." *Id.* at 916-17 (quoting *Clark*, 204 F.3d at 1040). Moreover, "[w]hile application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement without distinction between counseled and uncounseled cases." *Id.*

As such, Plaintiff's motion for enlargement of time, construed as a motion under Fed. R. App. P. 4(a)(6) to reopen the time to appeal, is properly denied.

WHEREFORE, for the foregoing reasons, I respectfully

**RECOMMEND** that Plaintiff's "Motion for Enlargement of Time" (Doc. No. 71) be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 6th day of April, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge