**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  08-cv-01355-REB-KMT

STEVEN WILSON,

      Plaintiff,

v.

ARI ZAVARAS, Executive Director, Colorado Department of Corrections, and
CATHY HOLST, Manager, Office of Correctional Legal Services,

      Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY
THE DISTRICT COURT JUDGE UNDER 28 U.S.C. 455**

---

**Blackburn, J.**

      The matter before me is plaintiff's **Motion To Disqualify the District Court
Judge Under 28 U.S.C. 455** [#161][1] filed August 26, 2011.  I deny the motion.

## I.  JURISDICTION

      I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal
question).

## II.  STANDARD OF REVIEW

      Plaintiff seeks my disqualification from this case pursuant to 28 U.S.C. § 455,
which provides that

      a.      Any justice, judge, or magistrate judge of the United States
          shall disqualify himself in any proceeding in which his
          impartiality might reasonably be questioned.

---

[1] "[#161]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's electronic case filing and management system (CM/ECF). I use this
convention throughout this order.

      b.     He shall also disqualify himself in the following
circumstances:

          i.     Where he has a personal bias or prejudice concerning
a party, . . .

28 U.S.C. § 455.  This section requires a judge to recuse himself when "a reasonable

person, knowing all the facts, would harbor doubts about the judge's impartiality."

*Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir.

2002) (citation omitted).  The factual allegations of the affidavit plaintiff has submitted in

support of his motion need not be accepted as true, and all relevant facts may be

considered in evaluating the motion.   *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.

1987); *see also Hall v. Doering*, 185 F.R.D. 639, 642 (D. Kan. 1999); *United States v.*

*Roberts*, 947 F.Supp. 1544, 1549 (E.D. Okla. 1996).  Nevertheless, proof of actual bias

is not necessary; recusal is required if the facts, from an objective perspective, admit of

the appearance of bias.  *Hinman*, 831 F.2d at 939; *Salt Lake Tribune Publishing Co.*

*v. AT & T Corp.*, 353 F.Supp.2d 1160, 1172 (D. Utah 2005).

      Nevertheless, the Tenth Circuit has cautioned that the recusal statutes "must not

be so broadly construed that [they] become[], in effect, presumptive, so that recusal is

mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."

*United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982); *see also Bryce*, 289 F.3d

at 659.  As Congress itself noted in enacting section 455, "each judge must be alert to

avoid the possibility that those who would question his impartiality are in fact seeking to

avoid the consequences of his expected adverse decision.  Disqualification for lack of

impartiality must have a *reasonable* basis." **See Jackson v. Fort Stanton Hospital and Training School**, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original). **See also Hinman v. Rogers**, 831 F.2d 937, 939 (10th Cir. 1987) ("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."). The inquiry, therefore, is "limited to outward manifestations and reasonable inferences drawn therefrom," **In re McCarthey**, 368 F.3d 1266, 1269 (10th Cir. 2004), and "contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person,'" **United States v. Evans**, 262 F.Supp.2d 1292, 1294 (D. Utah 2003) (citation omitted).

### III.  ANALYSIS

Plaintiff moves for my recusal on the ground that I have made extrajudicial comments evidencing bias against him and that I have prior knowledge of defendants' allegedly unlawful action of moving plaintiff from one state prison to another at a time when he had a petition for habeas corpus pending. As neither of these circumstances is true nor provides a sufficient basis warranting recusal, I deny the motion.

Plaintiff believes that my characterization of his objections to various recommendations of the magistrate judge as "imponderous" is disrespectful and evidences bias against him.[2] Such supposed antagonism, premised entirely on adverse rulings in this case and an earlier proceeding that was assigned to me, is insufficient to

---

[2] "Imponderous" as used by me in the relevant orders means "having no weight or insignificant weight." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1135 (1971). Thus, the  term is not inherently pejorative or disrespectful.

merit recusal under the "extrajudicial source" doctrine:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal.  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474

(1994) (internal citation omitted); *see also United States v. Young*, 45 F.3d 1405,

1415 (10th Cir.), *cert. denied*, 115 S.Ct. 2633 (1995).  Thus, recusal on the basis of

unfavorable rulings or knowledge of the parties, their counsel, and the litigation formed

in the course of presiding over the case is limited to those extraordinary situations in

which the circumstances "reveal such a high degree of favoritism or antagonism as to

make fair judgment impossible."  *Liteky*, 114 S.Ct. at 1157.

   Plaintiff has failed to demonstrate that this high threshold has been met in this

case.  Other than the fact that prior rulings went against him, plaintiff cites nothing to

suggest that they demonstrate the kind or degree of bias or prejudice that would warrant

recusal:

> Not *all* unfavorable disposition towards an individual (or his case) is properly described [as bias or prejudice]. . . .  The words connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon

> knowledge that the subject ought not to possess . . . or
> because it is excessive in degree[.]

*Liteky*, 114 S.Ct. at 1155 (emphasis in original).  Nothing in plaintiff's motion or in the record of this case suggests that my rulings have evidenced anything more than a decision on the merits of plaintiff's arguments.

As to my alleged conflict of interest and prior knowledge of defendants' allegedly illegal actions, the motion is both procedurally and substantively deficient.  Procedurally, plaintiff's arguments are dramatically untimely.  Plaintiff complains of actions that allegedly took place in August, 2009.  "Although this circuit has not attempted to define the precise moment at which a § 455(a) motion to recuse becomes untimely, our precedent requires a party to act promptly once it knows of the facts on which it relies in its motion." *United States v. Pearson*, 203 F.3d 1243, 1276 (10th Cir.), *cert. denied*, 120 S.Ct. 2734 (2000).  "The judicial process can hardly tolerate the practice of a litigant with knowledge of circumstances suggesting possible bias or prejudice holding back, while calling upon the court for hopefully favorable rulings, and then seeking recusal when they are not forthcoming."  *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986).  *See also Pearson*, 203 F.3d at 1276 ("A promptly filed motion conserves judicial resources and alleviates the concern that it is motivated by adverse rulings or an attempt to manipulate the judicial process."); *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.Supp. 1077, 1081 (D. Colo. 1991) ("Motions to recuse cannot be viewed as an additional arrow in the quiver of advocates in the face of adverse rulings.").  Plaintiff has been objecting to his removal to California since at least November, 2009 (*see* **Motion for Enlargement of Time** [#71] filed November 2, 2009),

and nothing in his motion suggests that he only recently became aware of my purported knowledge of his allegedly illegal relocation.  The motion therefore is subject to denial on the basis of untimeliness alone.

Substantively, plaintiff's argument is without merit.  First, the statute on which he relies does not prevent state officers from moving a prisoner in custody when such prisoner has filed a habeas corpus petition.  Instead, it prevents such removal "*unless* it is by habeas corpus or some other legal writ." §13-45-111, C.R.S. (emphasis added). Moreover, he offers not a shred of evidence to substantiate his speculation that I had knowledge of his transfer to California, regardless of its legality *vel non*.  No reasonable person could harbor doubts about my impartiality based on such unsubstantiated and legally insupportable allegations.  ***See Hines***, 696 F.2d at 729. Thus, I find and conclude that plaintiff's motion to recuse must be denied.

## IV. ORDER

**THEREFORE IT IS ORDERED** that plaintiff's **Motion To Disqualify the District Court Judge Under 28 U.S.C. 455** [#161] filed August 26, 2011, is **DENIED**.

Dated October 12, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge